UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SHEA,<br><br>                    Petitioner,<br><br>    v.<br><br>MATTHEW CATE, Secretary,<br><br>                    Respondent. | Civil No.   11cv1857-LAB (CAB)<br><br>**ORDER:**<br><br>**(1) DENYING IN FORMA PAUPERIS APPLICATION;**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE; AND**<br><br>**(3) NOTIFYING PETITIONER OF OPTIONS TO AVOID FUTURE DISMISSAL FOR FAILURE TO ALLEGE COMPLETE EXHAUSTION OF STATE COURT REMEDIES** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**REQUEST TO PROCEED IN FORMA PAUPERIS**

The request to proceed in forma pauperis is **DENIED** because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

1  Because this Court cannot proceed until Petitioner has satisfied the filing fee requirement, the Petition is **DISMISSED** without prejudice. If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or provide the Court with the required Prison Certificate on or before <u>September 26, 2011</u>.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Although Petitioner indicates that he has presented claim one to the state Supreme Court, he does not indicate whether he has raised claims two and three in the California Supreme Court. (Pet. at 4, 6-8.) If Petitioner has raised claims two and three in the California Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

Generally, applications for writs of habeas corpus that contain unexhausted claims must be dismissed. See <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982). However, federal courts have the discretion to <u>deny</u> a habeas application on the merits notwithstanding a petitioner's failure to fully exhaust state judicial remedies. See 28 U.S.C.A. § 2254(b)(2) (West 2006); <u>Liegakos v.

Cooke, 106 F.3d 1381, 1388 (7th Cir. 1997). Assuming Petitioner satisfies the filing fee requirement and has this case reopened, the Petition will be subject to dismissal for failure to allege complete exhaustion of state judicial remedies as to all claims presented. In order to avoid such a dismissal, Petitioner should consider the following options.

### i) First Option:  Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted claims two and three. Or, he may file a First Amended Petition in which he alleges complete exhaustion of all claims presented.

### ii) Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of

---

[1] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

1  limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C.
2  § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). But see <u>Artuz v.</u>
3  <u>Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery
4  and acceptance [by the appropriate court officer for placement into the record] are in compliance
5  with the applicable laws and rules governing filings."); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149
6  (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately
7  dismissed as untimely was neither "properly filed" nor "pending" while it was under
8  consideration by the state court, and therefore does not toll the statute of limitations), <u>as</u>
9  <u>amended</u> 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations
10 continues to run while a federal habeas petition is pending. <u>Duncan,</u> 533 U.S. at 181-82.

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted one(s). <u>See</u> <u>Rose</u>, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").

Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise them in federal court. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); <u>see</u> also 28 U.S.C. § 2244 (a)-(b).[2]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

---

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1    If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to
2 stay his mixed petition while he returns to state court to exhaust. Under this procedure he must
3 demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to
4 exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and
5 that good cause exists for his failure to timely exhaust his state court remedies. Rhines v.
6 Webber, 544 U.S. 269, 277-78 (2005).

7    If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily
8 withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the
9 fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek
10 permission to amend his petition to include the newly exhausted claim(s) after exhaustion is
11 complete. King v. Ryan, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure
12 Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly
13 exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the
14 claim(s) in the fully-exhausted petition, that is, they must share a "common core of operative
15 facts" with the previously exhausted claim(s). King, 564 F.3d at 1141, quoting Mayle v. Felix,
16 545 U.S. 644. 659 (2005).

17                                    **CONCLUSION AND ORDER**

18    Petitioner's Motion to proceed in forma pauperis is **DENIED** and this case is
19 **DISMISSED** without prejudice for failing to satisfy the filing fee requirement. If Petitioner
20 wishes to proceed with this action he must either pay the $5.00 filing fee or provide the Court
21 with the required Prison Certificate on or before **September 26, 2011**. In addition, the Court
22 **NOTIFIES PETITIONER THAT THE PETITION AS CURRENTLY WRITTEN IS**
23 **SUBJECT TO DISMISSAL ON THE BASIS THAT PETITIONER HAS NOT ALLEGED**
24 **COMPLETE EXHAUSTION OF STATE COURT REMEDIES.** If Petitioner satisfies the
25 filing fee requirement but, on or before **September 26, 2011**, fails to either notify the Court of
26 his intention to proceed under one of the options outlined above or file a First Amended Petition
27 in which he alleges exhaustion of state court remedies as to every claim presented, the Petition
28 / / /

1  will be dismissed without prejudice.³  See Rose, 455 U.S. at 522.  Petitioner will then be
2  required, if he still wishes to proceed with his claims, to file a new habeas petition which will
3  be provided a new civil case number.  The Clerk of Court shall send Petitioner a blank Southern
4  District of California in forma pauperis application which includes the proper Prison Certificate
5  and a blank Southern District of California amended petition form along with a copy of this
6  Order

7  **IT IS SO ORDERED.**

9  DATED:  August 22, 2011

10  *[signature: Larry A. Burns]*

11  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

---

28  ³ Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations.  See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.